UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

BRIAN WRIGHT, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

ALLIEDBEAN DEMOLITION, INC., a
Florida Corporation, and KEVIN BEAN, individually

    Defendants.
_____/

## **COMPLAINT**

    1.    Plaintiff, BRIAN WRIGHT (referred to as "Plaintiff"), is an individual residing in Broward County, Florida whose race and color is Black.

    2.    Defendant, ALLIEDBEAN DEMOLITION, INC. (referred to as "ALLIED"), a Florida Corporation, has at all times material to this Complaint had its principal address at 500 East Broward Blvd, Suite 1710, Fort Lauderdale, Florida 33394 and has provided demolition services to residential and commercial customers throughout the State of Florida, including but not necessarily limited to in Miami-Dade, Broward, and Palm Beach County, Florida, within the jurisdiction of this Court.

    3.    Defendant, KEVIN BEAN (referred to as "BEAN") has at all times material to this Complaint owned, managed, and operated ALLIED and Defendant BEAN has regularly exercised the authority to hire and fire Plaintiff and Defendants' other employees, determined the manner in which Plaintiff and Defendants' other employees are compensated, determined how Plaintiff and Defendants' other employees' hours worked are tracked or recorded, set the rates of pay of Plaintiff

1

and Defendants' other employees, and controlled the finances and operations of ALLIED. By virtue of such control and authority, Defendant BEAN is an employer of Plaintiff and the other similarly situated employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d).

4.   Plaintiff brings this action on behalf of himself and other current and former employees of ALLIED and BEAN (collectively referred to as "Defendants") for unpaid minimum and overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b),[1] as well as for alleged harassment, discrimination, and retaliation in violation of 42 U.S.C. §1981 and the Florida Whistleblower Act, F.S. §448.102 *et seq.*

5.   Jurisdiction is conferred on this Court by 29 U.S.C. §216(b), 29 U.S.C. §1337, and 28 U.S.C. §1367.

6.   A substantial part of the events giving rise to this action, occurred in Miami-Dade County, Broward County and Palm Beach County, within the jurisdiction of the United States District Court for the Southern District of Florida.

7.   At all times material to this Complaint, including but not necessarily limited to during the years 2012, 2013, 2014, 2015 and 2016, ALLIED has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, ALLIED has employed two (2) or more employees who, *inter alia*, have regularly: (a) handled and worked tools and equipment including but not limited to hammers, nail jacks, gloves, shovels, and trash bins, all of

---

[1] Attached hereto is a signed Consent to Join of Plaintiff BRIAN WRIGHT.

which were goods and/or materials that were moved in or produced for commerce; (b) handled and worked with materials such as copper, steel, aluminum and other metals, all of which were goods and/or materials that were moved in or produced for commerce; (c) handled and worked with office equipment and supplies such as computers, printers, scanners, paper, pens, radios and cell phones to facilitate the operation of Defendants' demolition business, all of which were goods and/or materials that were moved in or produced for commerce; and (d) used vehicles to travel to Defendants' customers' locations to carry out demolition work, which vehicles were goods and/or materials moved in or produced for commerce and which operated on gasoline that also constitute goods and/or materials moved in or produced for commerce.

8.  Based upon information and belief, the annual gross sales volume of ALLIED has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2012, 2013, 2014, 2015 and 2016.

9.  At all times material to this Complaint, including but not necessarily limited to during the years 2012, 2013, 2014, 2015 and 2016, ALLIED has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10.  In or around August 2014, Defendants hired Plaintiff on an hourly basis at the regular rate of $11.00 per hour.

11.  At all times material to this Complaint, Plaintiff was an employee of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e), and 42 U.S.C. §1981.

12.  During the three (3) year statute of limitations period between approximately August 2014 and late October 2015, Plaintiff's primary duties for Defendants as a manual laborer, were non-exempt in nature, consisting of: (a) loading and unloading materials; (b) preparing tools

3

for demolition work; (c) administering demolition for building interiors and exteriors; and (d) removing residual material.

13.   During the three (3) year statute of limitations period between approximately August 2014 and late October 2015, Plaintiff regularly worked five (5) and as many as six (6) days per week with start times regularly as early as 6:30 a.m. and with stop times that ranged between approximately 3:30-5:00 p.m., with total hours each week that ranged between anywhere from approximately Forty-Two and One Half (42.5) hours per week to more than Fifty (50) to Sixty (60) hours per week in many numerous work weeks.

14.   Plaintiff alleges that he was often required to arrive before his scheduled start time to travel to Defendants' project sites and likewise regularly did preliminary and/or postliminary work loading and unloading materials at the beginning and end of the day, all without being compensated for all of his actual hours worked as required by the FLSA, as a result of which Defendants failed to pay Plaintiff (a) at least the minimum wage of $7.93/hour in 2014 and $8.05/hour in 2015 for some of the hours Plaintiff worked each week between August 2014 and late October 2015; and (b) time and one-half wages for all of the actual hours Plaintiff worked in excess of Forty (40) hours per week—instead shorting hours—during numerous work weeks through the approximate Sixty-Two (62) week period he was employed by Defendants.

15.   The additional persons who may become Plaintiffs in this action are the current and former non-exempt laborers, however variously titled, who have worked for Defendants in one or more weeks between June 2013 and the present without being (a) at least the minimum wage of $7.79/hour in 2013, $7.93/hour in 2014, and $8.05/hour in 2015 and 2016 for each hour worked for Defendants; and (b) time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week.

16. Defendants have not complied with the requirements of the Fair Labor Standards Act by, *inter alia*: (a) failing to maintain accurate time records of the actual start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and other similarly situated non-exempt employees between June 2013 and the present, as required by the FLSA, 29 C.F.R. §516.2; and (b) failing to pay the minimum wages required by law and time and one-half wages for all of the actual overtime hours worked by Plaintiff and other similarly situated non-exempt employees in one or more weeks between June 2013 and the present.

17. At all times material to this Complaint, Defendants had knowledge of the actual hours worked by Plaintiff and other similarly situated non-exempt employees in multiple work weeks between June 2013 and the present, all of which work was for the benefit of Defendants. Nonetheless, Defendants knowingly and willfully failed to compensate Plaintiff and the other similarly situated employees with the minimum wages required by law and time and one-half wages for all of their actual overtime hours worked, instead accepting the benefits of the work performed by Plaintiff and the others similarly situated to him without paying the compensation required by the FLSA.

18. Based upon information and belief, records of some of the hours worked by Plaintiff and the other similarly situated employees between June 2013 and the present are in the possession, custody, and/or control of Defendants.

19. Based upon information and belief, the complete records reflecting the wages and compensation actually paid by Defendants to Plaintiff and the other similarly situated employees between June 2013 and the present are in the possession, custody, and/or control of Defendants.

20. Throughout Plaintiff's employment with Defendant between 2014 and 2015, ALLIED was engaged in an industry affecting commerce and had fifteen (15) or more employees

for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

21.     Between approximately August 2014 and late October 2015, ALLIED subjected Plaintiff to harassment and disparate treatment because of his race and color, Black, and retaliated against Plaintiff because he complained about and objected to Defendants' unlawful race discrimination.

22.     More specifically, Plaintiff was subjected to a hostile work environment that was permeated with derogatory and racist remarks, such as—for example—supervisors, Eddy Guerrero and Cody Carpenter, frequently calling Plaintiff a "nigger" and referring to Plaintiff and other black laborers as "you black people."

23.     Plaintiff complained to ALLIED's Vice President of Operations, Anthony Erale, about the racial harassment ongoing in Defendants' workplace but Mr. Erale failed to take prompt, remedial action to the prevent the harassment from continuing and instead told Plaintiff that he just had to "deal with it."

24.     In addition to overtly racial discriminatory comments being made against Plaintiff and other black employees on a regular basis at ALLIED's jobsites, Plaintiff was subjected to discrimination because of his race and color and Defendants issued Plaintiff disparate work assignments because of his race and color, with ALLIED's supervisors also sending home black employees from work without legitimate business reasons.  To this end, as an example, in October 2015, ALLIED's supervisor, Eddy Guerrero, said that if Cody Carpenter didn't "send the niggers" home, then Mr. Guerrero would not continue working and would himself leave work.  Later that same day, Anthony Erale ultimately sent a total of approximately four (4) black laborers home and when Plaintiff asked why he and other black employees were being sent home, Mr. Erale

responded: "When one goes down, all of you go down."

25. Similarly, in approximately late October 2015, Plaintiff found a noose on the truck at work and promptly reported it to Mr. Erale while also complaining about ALLIED's refusal to take action to stop the ongoing racial harassment Plaintiff was being subjected to. Despite Plaintiff's complaints about and objections to Defendants' racial harassment and disparate treatment, ALLIED failed to take remedial action to address this discrimination.

26. Finally, in November 2015, after Plaintiff took leave from his employment due to a death in his family, Anthony Erale notified Plaintiff upon his return to work that Defendants were terminating Plaintiff's employment for purportedly stealing copper wire, which allegation Plaintiff expressly denied. Subsequently, Mr. Erale told Plaintiff that he had been terminated for falsifying time records, another allegation which Plaintiff also denied.

27. The reasons asserted by Defendants for Plaintiff's termination in November 2015 were false and known to be false by Defendants, as they were a pretext for unlawful race discrimination and retaliation in violation of 42 U.S.C. §1981 and F.S. §448.102 *et seq.*

## COUNT I
## UNLAWFUL HARASSMENT, DISAPARATE TREATMENT, AND RETALIATION IN VIOLATION OF 42 U.S.C. §1981

Plaintiff, BRIAN WRIGHT, reasserts and reaffirms the allegations of Paragraphs 1 through 27 as if fully set forth herein and further states that this is an action against Defendant, ALLIEDBEAN DEMOLITION, INC., for violations of 42 U.S.C. §1981.

28. 42 U.S.C. §1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the

7

security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

29. Moreover, for purposes of 42 U.S.C. §1981, the term "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

30. Throughout his employment with ALLIED between approximately August 2014 and November 2015, Plaintiff was subjected to: (a) unwelcome harassment that was continuing, severe, and/or pervasive, and that constituted a hostile work environment; and (b) disparate treatment, all of which was motivated by Plaintiff's race and color, Black, in violation of 42 U.S.C. §1981.

31. In addition, Plaintiff was also subjected to retaliation in November 2015 as a result of Plaintiff's complaints about and objections to Defendants' racial harassment and disparate treatment, in violation of 42 U.S.C. §1981.

32. Between approximately August 2014 and late October 2015, Plaintiff was regularly subjected to discriminatory intimidation, ridicule, and insults which were so severe and pervasive that they altered the terms and conditions of Plaintiff's employment with ALLIED and created an abusive or hostile work environment, in violation of 42 U.S.C. §1981.

33. In November 2015, ALLIED terminated Plaintiff's employment, a motivating factor behind which was Plaintiff's race and color, Black, in violation of 42 U.S.C. §§1981(a) and (b).

34. Plaintiff complained to ALLIED's management about the unlawful harassment and disparate treatment he was subjected to, but Defendants failed to take remedial action to prevent

8

or correct such unlawful conduct, in violation of 42 U.S.C. §1981, despite the fact that ALLIED knew or should have known that such harassment and disparate treatment was illegal.

35. ALLIED's violations of 42 U.S.C. §1981 were intentional and undertaken with malice and a reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States. As such, Plaintiff is entitled to punitive damages against ALLIED pursuant to 42 U.S.C. §1981a(a)(1).

36. Plaintiff has suffered and continues to suffer loss of earnings, emotional distress, loss of self-esteem, and other injuries and damages as a direct result of ALLIED's violations of 42 U.S.C. §1981.

37. Pursuant to 42 U.S.C. §1988(b), Plaintiff is entitled to recover his reasonable attorneys' fees and costs from ALLIED.

WHEREFORE, Plaintiff, BRIAN WRIGHT demands judgment against Defendant, ALLIEDBEAN DEMOLITION, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT II - VIOLATION OF FLORIDA'S WHISTLEBLOWER ACT, F.S. §448.102**

Plaintiff, BRIAN WRIGHT, reasserts and reaffirms the allegations of Paragraphs 1 through 27 and further states that this is an action against ALLIEDBEAN DEMOLITION, INC. for violations of the Florida Whistleblower Act, F.S. §448.102 *et seq.*

38. At all times material to this Complaint, Plaintiff was an employee of ALLIED within the meaning of F.S. §448.101(2).

9

39. At all times material to this Complaint, ALLIED has been engaged in an industry affecting commerce and has had Ten (10) or more employees for each working day in each of Twenty (20) or more weeks in the current or preceding calendar year.

40. At all times material to this Complaint, ALLIED was an employer of Plaintiff within the meaning of F.S. §448.101(3), Florida's Whistleblower Act.

41. Under Florida's Whistleblower Act, F.S. §448.102, an employer **may not** take any **retaliatory personnel action** against an employee because the employee has:

> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
>
> **(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.**

42. When Plaintiff objected to what he reasonably and in good faith believed was unlawful racial harassment and disparate treatment on multiple occasions between approximately August 2014 and October 2015, Plaintiff engaged in protected activity within the meaning of Florida's Whistleblower Act, F.S. §448.102(3).

43. ALIED began subjecting Plaintiff to "retaliatory personnel action" within the meaning of Florida's Whistleblower Act, F.S. §448.101(5), in or around September 2015 and

10

continuing in October 2015 and November 2015, which personnel action affected the terms and conditions of Plaintiff's employment with ALLIED including but not limited the number of hours he worked and was paid for by Defendants.

44. Finally, ALLIED's termination of Plaintiff's employment in November 2015 also constitutes "retaliatory personnel action" within the meaning of Florida's Whistleblower Act, F.S. §448.101(5), as the termination was motivated by Plaintiff's complaints about and objections to Defendants' racial harassment and discrimination, all in violation of F.S. §448.102(3).

45. Plaintiff reasonably and in good faith believed that ALLIED's racial harassment and disparate treatment against himself and other Black employees were violations of one or more "laws, rules, or regulations" within the meaning of Florida's Whistleblower Act, F.S. §448.101(4).

46. More specifically, one or more "laws, rules, or regulations" within the meaning of Florida's Whistleblower Act, F.S. §448.101(4) which were applicable to ALLIED and pertained to ALLIED's business which Plaintiff reasonably and in good faith belief believed CAC was violating include but were not necessarily limited to, 42 U.S.C. §1981 which prohibits discrimination on the basis of an employee's race and color.

47. The fact that Plaintiff engaged in activity protected by Florida's Whistleblower Act was a motivating factor in ALLIED's "retaliatory personnel action" against Plaintiff, including the termination of Plaintiff's employment, in violation of F.S. §448.102(3).

48. ALLIED's violations of F.S. §448.102 were willful, egregious and in direct violation of the statutory protections expressly set forth in Florida's Whistleblower Act.

49. Plaintiff has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of ALLIED's violations of F.S. §448.102.

50. Pursuant to F.S. §448.104, Plaintiff is entitled to recover his reasonable attorneys' fees and costs from ALLIED.

WHEREFORE, Plaintiff, BRIAN WRIGHT, demands judgment against Defendant, ALLIEDBEAN DEMOLITION, INC., for back pay, employment benefits and other compensation including bonuses, compensatory damages, punitive damages, emotional distress, equitable relief, including, but not limited to, reinstatement or front pay, interest, attorneys' fees, costs and such other and further relief as this Honorable Court deems proper.

## COUNT III
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, BRIAN WRIGHT readopts and realleges the allegations contained in Paragraphs 1 through 27 above.

51. Plaintiff is entitled to be paid time and one-half of his applicable regular rate(s) of pay for each and every hour he worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately August 2014 and late October 2015.

52. All similarly situated current and former non-exempt laborers, however variously titled, who have worked in excess of Forty (40) hours per week for Defendants in one or more weeks between June 2013 and the present are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period.

53. At all times material to this Complaint, Defendants have had actual notice that their compensation practices did not provide Plaintiff and the other similarly situated non-exempt employees with time and one-half wages for all of their actual overtime hours worked between

June 2013 and the present based upon, *inter alia*: (a) Defendants facilitating the creation, oversight, and administration of compensation practices, timekeeping practices, and employment policies governing Plaintiff and the other employees similarly situated to him which knowingly and willfully did not provide time and one-half compensation for all hours worked in excess of Forty (40) hours per week; and (b) Defendants' failure to maintain accurate records of the actual start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and the other similarly situated employees for Defendants as required by the Fair Labor Standards Act for each work week within the three (3) year statute of limitations period between June 2013 and the present.

54.     By reason of the intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

55.     Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and Defendants' other non-exempt laborers, however variously titled, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

56.     Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

57.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, BRIAN WRIGHT and any current or former non-exempt employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment,

jointly and severally, against Defendants, ALLIEDBEAN DEMOLITION, INC. and KEVIN BEAN, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT IV
## MINIMUM WAGE VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, BRIAN WRIGHT, readopts and realleges the allegations contained in Paragraphs 1 through 27 above.

58. Plaintiff is entitled to the minimum wage required by law for every hour he worked for Defendants each week within the three (3) year statute of limitations period between approximately August 2014 and late October 2015.

59. The minimum wage required by law that Defendants were obligated to pay Plaintiff and the other similarly non-exempt laborers, however variously titled, in Florida was $7.93/hour in 2014, and $8.05/hour in 2015 and 2016.

60. However, Defendants failed to pay Plaintiff for hours he worked in numerous work weeks between approximately August 2014 and late October 2015 for Defendants despite the fact that Plaintiff was entitled to be paid at least the minimum wage required by law for each and every hour he worked for Defendants.

61. All other non-exempt laborers, however variously titled, of Defendants are also entitled to be paid time at least the minimum wage required by law for every hour they have have worked for Defendants within the three (3) year statute of limitations period between June 2013 and the present.

62. At all times material to this Complaint, Defendants had knowledge that Plaintiff and other non-exempt laborers, however variously titled, were performing work for the benefit of Defendants during numerous work weeks within the three (3) year statute of limitations period

between June 2013 and the present without compensation at the minimum wage required by law.

63. Defendants have knowingly and willfully failed to pay Plaintiff and the other similarly situated non-exempt Laborers at least the minimum wage required by law for all of their actual hours worked for Defendants during each week within the statute of limitations period between June 2013 and the present.

64. By reason of Defendants' intentional, willful and unlawful act, all Plaintiffs (the named Plaintiff and those employees similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

65. Defendants did not have a good faith basis for their failure to pay at least minimum wage required by law for all of the actual hours worked by Plaintiff and Defendants' other non-exempt laborers, however variously titled, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages in an amount equal to their unpaid minimum wages from Defendants pursuant to 29 U.S.C. §216(b).

66. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

67. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, BRIAN WRIGHT, and any current or former non-exempt employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendants, ALLIEDBEAN DEMOLITION, INC. and KEVIN BEAN, for the payment of all unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated:  June 9, 2016                                  Respectfully submitted,

                                      By:    **s/KEITH M. STERN**
                                                Keith M. Stern, Esquire
                                                Florida Bar No. 321000
                                                E-mail:  employlaw@keithstern.com
                                                Hazel Solis Rojas, Esquire
                                                Florida Bar No. 91663
                                                E-mail:  hsolis@workingforyou.com
                                                LAW OFFICE OF KEITH M. STERN, P.A.
                                                8333 NW 53rd Street, Suite 450
                                                Doral, Florida  33166
                                                Telephone:  (561) 299-3703
                                                Facsimile:  (561) 288-9031
                                                Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), AlliedBean Demolition, Inc, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s), or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

_/s/ Brian Wright_
Signature

Brian Wright
Printed Name